IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

KEITH L. DROLLINGER,

        Case No. 2:13-cv-01756-ST

     Petitioner,

   v.                FINDINGS AND RECOMMENDATIONS

MARK NOOTH,

     Respondent.

    Robert W. Rainwater
    Rainwater Law Group
    1430 Willamette Street, Suite 492
    Eugene, Oregon 97401-4049

       Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

       Attorneys for Respondent

STEWART, Magistrate Judge:

    Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court Sodomy convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be dismissed.

   1 - FINDINGS AND RECOMMENDATIONS

## BACKGROUND

In 1999, grand juries in Crook County and Deschutes County indicted petitioner on a total of nine counts of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Petitioner entered guilty pleas to two counts of Sodomy in the First Degree and one count of Sodomy in the Second Degree resulting in a total term of imprisonment of 275 months. Petitioner did not file for direct review, and his convictions became final on March 19, 2000.

On February 8, 2002, petitioner signed and mailed a Petition seeking post-conviction relief ("PCR") in Malheur County which was ultimately dismissed on March 5, 2007. Respondent's Exhibit 106. Petitioner appealed this decision, and the relevant appellate judgment issued on May 9, 2012.[1] Respondent's Exhibit 110.

Petitioner filed this federal Petition for Writ of Habeas Corpus on September 27, 2013. He concedes that he failed to timely file the Petition when he allowed 691 untolled days to elapse, beyond the one-year statute of limitations in the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). He asserts, however, that equitable tolling of the AEDPA's statute of limitations is appropriate because: (1) his trial attorney promised to file a PCR petition but did not do so; (2) his trial attorney failed to

---

[1] Petitioner filed a variety of other state actions not relevant to the issues in this case.

provide the trial documents he needed to properly file a PCR petition on his own, despite his many requests for them; and (3) he was not provided with eyeglasses by prison authorities, leaving him unable to read and, thus, unable to file a PCR petition.

## FINDINGS

Equitable tolling is available to toll the one-year statute of limitations governing 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

## I.  Attorney's Alleged Promise to File PCR Petition

Petitioner was represented during his criminal proceedings by Geoffrey Gokey. Petitioner asserts that he retained Gokey to represent him for purposes of a PCR challenge to his convictions and that Gokey promised to file a PCR petition on his behalf but never did so. Petitioner directs the court's attention to the

documents contained within Petitioner's Exhibit A to substantiate his claim that he retained Gokey to represent him in a PCR action.

No documents in Petitioner's Exhibit A show that petitioner actually retained Gokey to represent him in a PCR capacity. The only reference to PCR representation is a single entry in the billing statements from Gokey dated November 2, 2000, billing ten hours for a "Trip to Ontario to review all matters on post conviction relief." Petitioner's Exhibit A, p. 13. Gokey did not visit petitioner again until April 12, 2001, when he spent two hours on what counsel termed a "Conference with client in prison." *Id* at 14. The file contains no correspondence showing any understanding between Gokey and petitioner as to PCR representation or any belief on petitioner's part that Gokey would file a PCR petition. Indeed, the only letter from Gokey is dated December 7, 2001, advising petitioner that, consistent with their prior discussions, he will not file a PCR petition:

> First we have discussed the issue of filing a petition for post-conviction relief. I have advised you that you should speak with another attorney about any concerns you may have about your conviction and you have apparently done so. Based upon our conversation of Friday, November 30, you have decided to petition the local court yourself to file your own petition for post-conviction relief or have another attorney assist you in doing so. I agreed with your decision since it might be a conflict of interest for me to file one on your behalf. Therefore, please be advised that I am not filing a petition for post-conviction relief on your behalf due to our discussions. You understand that you have a

4 - FINDINGS AND RECOMMENDATIONS

> short period of time left to get the petition
> filed and you are taking care of that
> yourself.

*Id* at 19.

Gokey also provided affidavits to petitioner for his use during his upcoming PCR action casting doubt on the credibility of the investigating detective from his criminal cases.  *Id* at 20-26. Nothing in the record establishes that Gokey had, as petitioner asserts, promised to file a PCR petition on his behalf. Petitioner therefore cannot credibly assert that Gokey's failure to file a PCR petition made it impossible for him to file a federal habeas corpus petition.

Even assuming petitioner had retained Gokey to represent him in a PCR capacity,[2] it is difficult to see how Gokey's representation constitutes an extraordinary circumstance pertaining to the untimely filing of a federal habeas case where Gokey's supposed retained purpose was to help petitioner file a state PCR action.  Petitioner does not assert that he asked Gokey to ensure he could file a federal habeas corpus action, and at no time did petitioner and Gokey ever discuss AEDPA's statute of limitations. The simple fact that Oregon allows a prisoner two years to file a state PCR action, while AEDPA's one-year statute of limitations is

---

[2]  It is unrealistic to expect Gokey to represent petitioner in a PCR action after representing him in his criminal proceedings.  Most PCR claims involve issues of deficient performance by trial counsel.  Gokey would have had substantial disincentive to raise any claims alleging his own incompetence.

only one year, does not excuse an untimely federal habeas filing. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied* 540 U.S. 924 (2003). Even further assuming that Gokey's focus only on the Oregon PCR statute of limitations was somehow negligent under the facts of this case, equitable tolling is not justified. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (even an attorney's incompetence or negligence does not justify equitable tolling).

## II.  Inability to Obtain Case File

Petitioner also argues that Gokey refused to turn his criminal case file over when asked to do so, thus making it impossible for him to timely file this action. A review of petitioner's letters to Gokey reveals that it was not until June of 2001 that he requested his case file for the first time, claiming that he was finally mentally and emotionally prepared to deal with his situation. Petitioner's Exhibit A, pp. 29, 32-33, 38. By June of 2001, AEDPA's statute of limitations had already expired. Consequently, the delays petitioner experienced in receiving his case file are irrelevant to the timeliness of his Petition for Writ of Habeas Corpus.

## III. Lack of Eyeglasses

Finally, petitioner contends that his eyeglasses had been broken prior to his arrest, and prison authorities refused repeated requests for a replacement pair until sometime in January of 2001.

*Id* at 30. He claims that without glasses, he was unable to read which, in turn, made it impossible for him to file his PCR action before his federal statute of limitations expired.

The record reveals, however, that petitioner failed to proceed diligently even after receiving his glasses. Petitioner received his glasses approximately two months before the expiration of AEDPA's statute of limitations, but he failed to act with any urgency in filing his PCR Petition in order to toll the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (tolling AEDPA statute of limitations during the pendency of a properly filed PCR action). Indeed, he did not make his first request for his criminal case file from Gokey until six months after he received his replacement glasses from correctional officials. Petitioner's demonstrated lack of urgency suggests that he was simply not focused on filing a federal habeas case. Such a scenario does not entitle him to equitable tolling.

The court also notes that despite not having eyeglasses from sometime prior to his arrest until January 2001, petitioner was able to author substantial correspondence during this time directed to his attorney and others. See Petitioner's Exhibit A, pp. 39-40. In light of this record, petitioner cannot credibly assert that he could not have filled out a PCR or habeas petition prior to the expiration of the AEDPA deadline. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir.), *cert. denied* 558 U.S. 897 (2009)

(the ability to file a basic form habeas petition before the statutory deadline precludes equitable tolling).

For all of these reasons, equitable tolling is not appropriate, and the Petition for Writ of Habeas Corpus should be dismissed as untimely filed.

IV.  **Alternative Request for Evidentiary Hearing**

Petitioner also asks the court to conduct an evidentiary hearing on the issue of whether he is entitled to equitable tolling.  Because the record is clear that the fault for failing to comply with AEDPA's statute of limitations lies with petitioner, an evidentiary hearing is neither necessary nor in the interests of judicial economy.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

**RECOMMENDATIONS**

For the reasons identified above, petitioner's request for an evidentiary hearing should be denied, the Petition for Writ of Habeas Corpus (docket #2) should be dismissed, and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

8 - FINDINGS AND RECOMMENDATIONS

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due December 22, 2014. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 4th day of December, 2014.

S/   Janice M. Stewart
                Janice M. Stewart
                United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATIONS